UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abdullahi Mohamed Ali,                                   Civil No. 13-864 (PJS/FLN)

　　　　　　　Petitioner,

　　v.                                                   **REPORT AND RECOMMENDATION**

U.S. Department of
Homeland Security et al.,

　　　　　　　Respondents.

_____

Abdullahi Mohamed Ali, *Pro Se*, for Petitioner.
Gregory G. Brooker, Assistant United States Attorney, for Respondents.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on

Petitioner Abdullahi Mohamed Ali's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

(ECF No. 1). This matter was referred to the undersigned for Report and Recommendation

pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court

recommends that the Petition be **DENIED as moot** and that this action be dismissed.

## I. BACKGROUND

Ali is a Somali citizen who first entered the United States on September 18, 2000 as a

refugee. Kline Decl., ECF No. 6 ¶ 2. Ali served a criminal sentence of one year and one day for

third degree assault at the Minnesota Correctional Facility in St. Cloud, Minnesota. *Id*. at ¶ 3. On

July 18, 2012, after Ali completed his sentence, United States Immigration and Customs

Enforcement (ICE) officials took Ali into custody and immediately commenced removal

proceedings. *Id*. On August 9, 2012, an Immigration Judge ordered that Ali be removed from the

United States to Somalia pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). *Id*. ¶ 4. Ali did not appeal the

decision, and ICE issued a Warrant of Removal/Deportation on August 17, 2012. *Id*. ¶ 4-5.

ICE maintained custody of Ali pending his removal to Somalia. ICE first reviewed Ali's

detention on November 7, 2012 and determined that ongoing custody was appropriate as Ali

posed a threat to the community and was a potential flight risk. *Id*. ¶ 6. In accordance with 8

C.F.R. § 241.4, ICE continued to periodically review Ali's detention status. *Id*. ¶¶ 7-8. On both

February 7, 2013 and May 8, 2013, ICE concluded that Ali should remain in custody based on

the likelihood of removal occurring in the reasonably foreseeable future. *Id*.

Ali filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 15,

2013, arguing that he was detained by ICE in violation of his rights under federal law and the

Constitution.[1] Pet., ECF No. 1 at 4-7. Specifically, Ali claimed that his detention, which had

spanned a period of over 8 months, was unconstitutional under the principles set forth in

*Zadvydas v. Davis*, 533 U.S. 678 (2001).[2] *Id*.

---

[1]     The Petition did not challenge the underlying order of removal, but rather Ali's ongoing detention in ICE custody. ECF No. 1 at 4-7. Nor could Ali challenge his removal in the instant action. *See* 8 U.S.C. § 1252(a)(5) (providing that, notwithstanding 28 U.S.C. § 2241, "a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means of judicial review of an order of removal*") (emphasis added).

[2]     In *Zadvydas*, the Supreme Court addressed whether an alien awaiting removal may be held indefinitely under 8 U.S.C. § 1231(a)(6), which allows for an alien's continued detention past the statutory removal period if the individual in question is deemed "a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. The Court held that the pre-removal detention of an alien is presumptively reasonable for a six-month period after the final order of removal is issued. *Id*. at 701. "After this six-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id*.

On November 14, 2013, ICE informed the Court that Ali was released from custody in October 2013. Halverson Decl., ECF No. 10 ¶ 4. Ali's release was subject to an Order of Supervision, which specified various conditions of release. *See* ECF No. 10-2 at 1-3 (listing Ali's conditions of release).

## II. DISCUSSION

Article III of the Constitution grants federal courts jurisdiction over ongoing cases and controversies. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). An actual controversy must exist at all stages of review, not merely at the time a complaint is filed. *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) (internal quotations and citations omitted). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali*, 419 F.3d at 723-24 (internal citations omitted).

Generally, in a habeas case, a petitioner's release from custody does not automatically render a habeas petition moot. *Sayonkon v. Beniecke*, No. 12-cv-27 MJD/JJK, 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Whether a petition is moot subsequent to a prisoner's release rests on the potential application of exceptions to the mootness doctrine. *Id*. The Court should not dismiss a petition as moot if any of the following exceptions apply: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th

Cir. 2002) (quoting *Chong v. District Dir., INS*, 264 F.3d 378, 384 (3d Cir. 2001)). As none of the mootness doctrine exceptions apply to the instant action, the Petition should be denied as moot.[3]

First, no collateral consequences pertain to Ali's supervised release. Collateral consequences exist when a continuing injury remains "other than the now-ended incarceration or parole." *Sayonkon*, 2012 WL 1621149, at *2 (quoting *Spencer*, 523 U.S. at 7). Ali could potentially argue that the conditions specified in his Order of Supervision are collateral consequences different and apart from his former detention. *See id.* (suggesting that a petitioner may contend that imposed conditions of release are collateral consequences under the mootness doctrine). Yet this argument is misplaced as "the collateral-consequences exception does not apply where such conditions follow from the final order of removal and not from the allegedly prolonged detention itself." *Id.* (internal citations omitted). Furthermore, conditions placed on individuals awaiting removal "satisfy due process because they are rationally related to the legitimate government interests of reducing the number of 'absconding aliens' and 'accounting for and being able to produce any alien who becomes removable.'" *Id.* (internal citations omitted).

---

[3]
> In addition to being moot under Article III, Ali's petition is moot for prudential reasons. In *Ali v. Cangemi*, the Eighth Circuit considered a similar factual scenario where a habeas petitioner was released from custody pending his removal. 419 F.3d at 723. The court held that the petition was moot due to "the myriad of uncertainties in this case," including the court's inability to provide the relief sought. *Id.* at 724.

Second, Ali's detention does not meet the narrow mootness exception of being capable of repetition yet evading review. *See Randolph v. Rodgers,* 170 F.3d 850, 856 n.7 (8th Cir. 1999) (identifying this mootness doctrine exception as "extraordinary and narrow"). This exception applies when "there is a reasonable expectation the complaining party will be subject to the same action again." *Id.* (citing *Hickman v. Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998)). No evidence before this Court suggests that Ali will again be detained by ICE for a lengthy duration. According to the conditions governing Ali's release, Ali will remain at large, subject to supervision by ICE, until documents are obtained to effectuate removal.[4]

Third, the voluntary cessation exception is not applicable. Under this exception, "voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." *Sayonkon*, 2012 WL 1621149, at *4 (quoting *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005)). Here, there is no indication that Respondents released Ali from custody with the sole purpose of divesting this Court's review of the Petition on the merits.

Finally, this case is not a class action. The fourth mootness exception is therefore irrelevant.

---

[4]

  Ali's Release Notification states that "ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document on your own and provide proof of your efforts to ICE. Once a travel document is obtained, you will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure." ECF No. 10-1 at 1-2.

In sum, this Court can no longer grant the relief Ali originally sought. Because ICE released Ali from custody in October 2013 and the mootness doctrine exceptions are inapplicable to the case at hand, no case or controversy exists under Article III. This action is therefore moot.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Ali's Petition for Writ of Habeas Corpus [ECF No. 1] be **DENIED as moot**; and

2.    This action be dismissed.

DATED: March 25, 2014                          *s/Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 9, 2014**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.